FILED

2004 MAR -8 P 12: 17

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHELDON ROBINSON,<br>JAMES G. "BO" GRITZ | |
| Plaintiffs | CIVIL NO. 3:02CV432(JCH) |
| vs. | |
| CITY OF SUFFIELD,<br>MARK LEAHY, Chief of Police, in his<br>Official and individual capacity and<br>Successor to<br>ROBERT WILLIAMS, Chief of Police, in<br>his official capacity AND,<br>DAVID REESE, Suffield Police Officer, in<br>his official and individual capacity | |
| Defendants | MARCH 4, 2004 |

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN RESPONSE TO THE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I. **INTRODUCTION**

The defendants hereby respectfully submit the instant Reply Memorandum of Law, in response to the plaintiff's Opposition Papers, and in further support of the defendants' Motion for Summary Judgment dated October 8, 2003.

II. **LAW AND ARGUMENT**

**THE PLAINTIFF HAS FAILED TO BRIEF AN OPPOSITION WITH RESPECT TO THE CLAIMS UNDER COUNT ONE (EXCESSIVE FORCE), COUNT THREE, COUNT FOUR AND COUNT SEVEN, THUS ENTITLING DEFENDANTS TO JUDGMENT AS A MATTER OF LAW WITH RESPECT TO THESE CLAIMS.**

In his opposition dated February 16, 2004, the plaintiff, Sheldon Robinson, fails to brief or in any way respond to the defendants' arguments with respect to Count One (that portion alleging excessive force under §1983), Count Three (*Monell*-styled Claim against City of Suffield), Count Four (Indemnification under §7-465 against City of Suffield), and Count Seven (Respondeat Superior Against the City of Suffield). As a result, the defendants respectfully request that this court enter judgment as a matter of law in favor of the defendants with respect to these claims.

### THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE GROUNDS THAT THE PLAINTIFF HAS NOT FILED AN AFFIDAVIT OR OTHER EVIDENTIARY SUPPORT WITH HIS OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT.

Local Rule of Civil Procedure 9(c) for the District of Connecticut, as amended effective November 1, 2001, states as follows:

> Each statement of material fact in a Local Rule 9(c) Statement by a movant or **opponent** must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests or other documents containing such evidence shall be filed and served with the Local Rule 9(c) Statement in conformity with said R. Civ. P. 56(e).

Here, the plaintiff begins his Memorandum of Law in Opposition to the Summary Judgment by stating "The defendants statement of the facts is essentially correct." *See*, *Plaintiff's Opposition Brief* dated February 16, 2004, at page 1. However, the plaintiff's Local Rule 9(c)2 Statement, and the few denials contained therein, does not contain any reference to any "affidavits, deposition testimony or responses to discovery requests or other documents"

2

that would be admissible at trial to support the denials as required by the Local Rule 9(c) Statement.

Accordingly, the defendants are entitled to summary judgment on all of the plaintiff's claims because of the plaintiff's failure to file the appropriate documentation in support of the Local Rule 9(c)2 Opposition Statement. Absent an adequate foundation to generate a genuine issue of material fact, the plaintiff's wholly conclusory legal arguments lack merit.

In the event that the district court overlooks this requirement, the plaintiff's opposition papers do not raise, despite the three denials contained in the plaintiff's Local Rule 9(c)2 Opposition Statement, any genuine issues of material fact that support his claim that this matter should proceed to a jury trial. Essentially, the plaintiff has asserted that the defendant lied when he included the following information in the arrest warrant application: (1) Mr. Robinson did not have any known children to be within the McAllister School District; (2) that his plane was made primarily of wood and canvas construction; and (3) that Mr. Robinson's plane was parked at the nearby AMR Combs airport. As to all of the other Statement of Facts contained within the defendants' Local Rule 9(c)2 Opposition Statement, the plaintiff has admitted or lacks sufficient knowledge to admit or deny same. By virtue of the fact that the plaintiff has not submitted an affidavit, and has admitted all except the above three allegations, it is clear that the defendants are entitled to summary judgment with respect to the plaintiff's claim of false arrest as the arrest warrant application clearly contained probable cause even if these statements are taken out of the arrest warrant application.

### THE PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' ARGUMENT THAT THEY ARE ENTITLED TO SUMMARY JUDGMENT ON THE FALSE ARREST CLAIM IS LEGALLY INSUFFICIENT, AS THERE IS NO FACTUAL BASIS FOR THE PLAINTIFF'S OPPOSITION, AND BECAUSE THE PLAINTIFF HAS ONLY SET FORTH LEGAL CONCLUSIONS

While the plaintiff has in nearly a dozen places in her brief stated that the defendant "lied" or "misrepresented" certain facts in the arrest warrant application, the defendants are nonetheless entitled to summary judgment with respect to the false arrest claim if this allegedly false information is set aside and the "corrected" affidavit nonetheless supports a finding of probable cause. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Insofar as the plaintiff has admitted all of the facts as set forth in the defendants Local Rule 9(c)2 Statement, except those portions that indicate he had no known children in the McAllister School District, that his plane was made primarily out of canvas and wood, and that the plane was parked at AMR Combs airport, the arrest warrant application clearly contained probable cause and, therefore, entitles the defendants to summary judgment. Soares v. State of Conn., F. 3d 917, 920 (2nd Cir. 1993).

In point of fact, and as indicated in the defendants' Motion for Summary Judgment, the plaintiff admitted during his deposition that he had "no known children" in the McKinney School District at the time in question, and that portion of the arrest warrant application was correct. See Exhibit D to Defendants Motion for Summary Judgment, at page 111. In addition, the plaintiff testified that his aircraft, except for the engine, is made predominantly of canvas and wood. Id., at page 108. Accordingly, the defendants are entitled to judgment as a matter of law as these allegations, despite the plaintiff's denials, are essentially correct. Even assuming they are not, the individual defendants are entitled to judgment as a matter of law because the

4

probable cause determination by the Superior Court judge issuing the arrest warrant application would not be altered if these alleged "misrepresentations" are omitted.

The plaintiff's argument that we will never know what Judge Susco would have done had this allegedly false information been omitted misses the point. This court must examine whether the plaintiff has first established that the information was, in fact, false and thereafter, whether such information would have impacted the finding of probable cause. <u>Crone v. Connelly</u>, 74 Conn.App. 788, 799 (2003), cert. improvidently granted, 263 Conn. 902 (2004).

**<u>ASSUMING THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW WITH RESPECT TO THE PLAINTIFF'S CLAIM OF FALSE ARREST, ALL OF THE OTHER PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW.</u>**

If the defendants prevail on their claim that they are entitled to judgment as a matter of law with respect to the plaintiff's claim for false arrest, it is respectfully submitted that the remaining claims sounding in supervisory liability (Count 2); intentional infliction of emotional distress (Counts 5 and 6) and substantive due process (Count 1) necessarily fail as they are predicated, both factually and legally, on the claim of false arrest. Moreover, the defendants Williams and Leahy would be entitled to judgment as a matter of law on the supervisory liability claim under count two regardless, as the defendant has not provided the court with any genuine issues of material fact, supported by evidence admissible at trial, that these officers were involved in the arrest warrant application process or had actual knowledge of same. Bald claims that these officers knew that Officer Reese submitted known misrepresentations is insufficient to support an opposition to defendants' Motion for Summary Judgment.

**III.    <u>CONCLUSION</u>**

5

For all the foregoing reasons, the defendants respectfully request that judgment enter in their favor as a matter of law.

THE DEFENDANTS

BY: _____
MICHAEL C. DEAKIN
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484
Telephone: 203/925-9688
Federal Bar No: ct06814

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the date hereon to:

Wendi Doolittle Kowarik, Esq.
P.O. Box 820
Derby, CT 06418

Edward G. McAnaney, Esquire
McAnaney & McAnaney
Suffield Village
Suffield, CT 06078

_____
MICHAEL C. DEAKIN

7