UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHELDON ROBINSON, ET AL | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02-cv-432 (JCH) |
| | : | |
| CITY OF SUFFIELD, ET AL. | : | JULY 8, 2004 |
| Defendants. | : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17]**

Pending before the court is the defendants' motion for summary judgment [Dkt.
No. 17].  For the reasons that follow, the court grants the motion as to all federal claims
and declines to exercise supplemental jurisdiction over the remaining state court claims.

The plaintiff, Sheldon Robinson, brings this civil action against the City of
Suffield, Mark Leahy, Robert Williams, and David Reese pursuant to 42 U.S.C. § 1982,
based on conduct relating to the investigation and arrest of Robinson in 1996.[1]  In a
complaint dated March 8, 2002, Robinson alleges that Officer David Reese intentionally
or recklessly included material misrepresentations in his affidavit in support of the
application for an arrest warrant, which warrant subsequently lead to his arrest.  As a
result, Robinson contends, he suffered a deprivation of his rights under the fourth and
fifth amendments of the federal constitution as well as severe emotional distress under
Connecticut common law.  Compl. [Dkt. No. 1].  He further alleges that the remaining
defendants are liable for these injuries to the extent they trained and supervised Officer
Reese.  The defendants have raised six special defenses.  Am. Ans. and Spec.
Defenses [Dkt. 13].

---

[1] Robinson is currently the only plaintiff in this case.  The action was originally brought by
James Gintz.  The court has dismissed Mr. Gintz' claims with prejudice.

I.     **FACTS**

The following facts relevant to the disposition of the pending motion are not in dispute.[2]

On or about September 30, 1996, Officer David Reese of the Suffield Police Department arrested James G. "Bo" Gritz in the parking lot of the McAllister Middle School in Suffield, Connecticut.  Defs.' 9(c)1 Statement [Dkt. No. 19], at ¶ 1; Pltf.'s 9(c)2 Statement, attached to Memo. In Opp. [Dkt. No. 28], at ¶ 1.  Gritz was arrested for attempted kidnaping and attempted custodial interference, relating to the attempted kidnaping of two of Linda Weigand's minor children, one of whom was a student at the McAllister school.  Defs.' 9(c)1 Statement, at ¶ 2; Pltf.'s 9(c)2 Statement, at ¶ 2.  After an extensive investigation by the Suffield Police Department, Officer Reese submitted a signed sworn arrest application for the arrest of Robinson to a judge of the Connecticut Superior Court.  Defs.' 9(c)1 Statement, at ¶ 2; Pltf.'s 9(c)2 Statement, at ¶ 2.  Said application charged Robinson with conspiracy to commit kidnaping in the first degree, Conn. Gen. Stat. §§ 53a-92 and 53a-48; conspiracy to commit custodial interference in the first degree, Conn. Gen. Stat. §§ 53a-97 and 53a-48; attempt to commit kidnaping in the first degree, Conn. Gen. Stat. §§ 53a-92, 53a-49, and 53a-8; and attempt to commit custodial interference in the first degree, Conn. Gen. Stat. §§ 53a-97, 53a-49, and 53a-8. Id.

---

[2]  Robinson has failed to come forward with any affidavits or other admissible evidence in his opposition to defendants' motion and accompanying Rule 9 statement as required by the local rules.  D. Conn. L. Civ. R. 9(c)(3) (2001) (renumbered at D. Conn. L. Civ. R. 56(a)(3) (2003)).  Accordingly, the court gives no credence to his contention that certain facts are in dispute.  See Plaintiff's 9(c)2 Statement, attached to Memo. In Opp [Dkt. No. 28].

The Suffield Police Department had long been aware of an ongoing custody dispute between Weigand and her ex-husband, regarding their two minor children. Defs.' 9(c)1 Statement, at ¶ 5; Pltf.'s 9(c)2 Statement, at ¶ 5.  Two months before the incident at McAllister Middle School, in which Gritz was arrested, Weigard, herself, was arrested for custodial interference in the first degree.  Id.  In 1994, she had taken her children underground and, in July 1996, she was apprehended in Las Vegas, Nevada. Id.  During her time living underground in Nevada, Weigand used the alias Donna Maloney.  Defs.' 9(c)1 Statement, at ¶ 12; Pltf.'s 9(c)2 Statement, at ¶ 12.

On September 30, 2004, 1996, following the report of a suspicious vehicle, Officer Reese went to the McAllister Middle School, where he observed a car bearing a Nevada license plate.  Defs.' 9(c)1 Statement, at ¶ 12; Pltf.'s 9(c)2 Statement, at ¶ 12. Officer Reese approached the vehicle and questioned the occupants, who were Gritz and his father.  Id.  Gritz indicated that he was there to purchase a 1957 Chevrolet, but could not tell the officer who owned this 1957 Chevrolet.  Defs.' 9(c)1 Statement, at ¶ 12; Pltf.'s 9(c)2 Statement, at ¶ 12.

Officer Reese requested that the men exit the car.  Defs.' 9(c)1 Statement, at ¶ 9; Pltf.'s 9(c)2 Statement, at ¶ 9.  Upon inspection of the vehicle occupants, Officer Reese discovered a folding knife, and a prescription medicine bottle bearing the name "Linda Weigand."  Id.  Upon subsequent inspection of the vehicle compartment, Officer Reese found a series of papers related to McAllister Middle School, including a schedule of the academic day.  Defs.' 9(c)1 Statement, at ¶ 10; Pltf.'s 9(c)2 Statement, at ¶ 10.  Additionally, Officer Reese found a large pile of what appeared to him to be legal documents associated with the custody battle between Weigand and her ex-

3

husband over their minor sons.  Id.  On top of the papers was a color photograph of the minor sons.  Id.

Subsequent investigation revealed that the car in which Gritz was found at the McAllister Middle School was registered in the name of Weigand's alias, Donna Maloney.  Defs.' 9(c)1 Statement, at ¶ 12; Pltf.'s 9(c)2 Statement, at ¶ 12.  Gritz told Officer Reese that he had met Weigand earlier in the day at the Budgetel Inn, a motel near the airport in Windsor Locks.  Id.  Gritz was then arrested for criminal attempt to commit kidnaping in the first degree and criminal attempt to commit custodial interference.  Defs.' 9(c)1 Statement, at ¶ 13; Pltf.'s 9(c)2 Statement, at ¶ 13.

Thereafter, the Suffield Police Department uncovered additional facts which suggested a connection between Robinson and Gritz.  Defs.' 9(c)1 Statement, at ¶ 14; Pltf.'s 9(c)2 Statement, at ¶ 14.  Robinson had been in the area between September 24, 1996 and October 1, 1996, using a single wing, fixed engine aircraft made of wood and canvas.  Defs.' 9(c)1 Statement, at ¶ 16; Pltf.'s 9(c)2 Statement, at ¶ 16.  During that time, the motel rooms at the Bugetel Inn, for which Gritz had the keys when apprehended at McAllister Middle School, were registered in Robinson's name.  Defs.' 9(c)1 Statement, at ¶ 14; Pltf.'s 9(c)2 Statement, at ¶ 14.

Also, employees of the McAllister Middle School informed the police that Robinson had been to the school in the days preceding the attempted kidnaping.  Defs.' 9(c)1 Statement, at ¶ 15; Pltf.'s 9(c)2 Statement, at ¶ 15.  Robinson told the employees that he anticipated moving to the area.  Id.  The employees, in turn, gave Robinson material related to the school, including the school schedule.  Id.

Finally, Robinson had rented two rooms at a Motel 6 on September 25, 1996. Defs.' 9(c)1 Statement, at ¶ 17; Pltf.'s 9(c)2 Statement, at ¶ 17.  The following day, an individual, using Weigand's alias, Donna Maloney, also rented a room at the same Motel 6.  Id.

## II.    STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'"  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Fed. R. Civ. P. 56(c)).  "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'"  Id. (quoting Liberty Lobby, 477 U.S. at 248).

"[I]f after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," summary judgment is appropriate.  Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (internal quotation marks omitted) (quoting Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996)).  "The non-moving party may not rely on

conclusory allegations or unsubstantiated speculation.  Instead, 'the non-movant must produce specific facts indicating' that a genuine factual issue exists.  'If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted.'  To defeat a motion, 'there must be evidence on which the jury could reasonably find for the [non-movant].'"  Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations omitted).

"In deciding the motion, the trial court must first resolve all ambiguities and draw all inferences in favor of the non-moving party, and then determine whether a rational jury could find for that party."  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  "If reasonable minds could differ as to the import of the evidence, . . . and [i]f . . . there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment."  R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997) (internal quotation marks omitted) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)).  "At the same time, the non-moving party must offer such proof as would allow a reasonable juror to return a verdict in his favor . . .."  Graham, 230 F.3d at 38.  A plaintiff may not create a genuine issue of material fact by presenting unsupported statements or "sweeping allegations."  Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 65 (2d Cir. 1997).

III.    DISCUSSION

A.    Federal Claims Against Officer Reese

It is settled that a person has a clearly established right not to be arrested or

6

prosecuted without probable cause.  Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).  A plaintiff can demonstrate that this right was violated where the officer submitting the probable cause affidavit "knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit" or omitted material information, and that such false or omitted information was "necessary to the finding of probable cause." Id. at 870-71 (citing Franks v. Delaware, 438 U.S. 154, 155-56 (1978)) (internal quotations omitted).  For the reasons that follow, the court finds that the Robinson has failed to establish a genuine issue of material fact as to whether there were materially false or omitted statements in Officer Reese's probable cause affidavit.

Robinson has attempted to demonstrate that his arrest and prosecution resulted from the material omissions and misrepresentations in the probable cause affidavit submitted by Officer Reese in an underlying criminal case.  In support of their motion for summary judgment, the defendants offer a copy of the Officer Reese affidavit which is at issue, authenticated by an additional affidavit from Officer Reese.  Defs.'Local Rule 9(c)(1) Statement [Dkt. No. 19], at Tabs B and C.  In opposition, Robinson argues, "All the issues can be summarized in one question.  Is an arrest warrant that is based on material lies and intentional misrepresentations protect the defendants from claims under § 1983."[3]  Pl.'s Opposition to Defs.' Mot. For Summary Judgment. [Dkt. No. 28].

---

[3]  In his opposition, Robinson fails to respond to defendants' argument that his claim apparently predicated on excessive force is legally insufficient.  Even if it were to read Count One of the Complaint as stating such a claim, see Compl., ¶ 29 ("Plaintiff Robinson was arrested in Texas . . . and transported by van for 6 days, handcuffed, shackled and belly-chained to Connecticut to stand trial. . . ."), the court is inclined to agree with defendants.  That is, the plaintiff simply does not allege that the defendants were the individuals exercising any modicum of force as related to those claims.  Therefore, for cause, and in the absence of opposition, the court treats any such claim as dropped.

Yet, Robinson offers absolutely no support in the way of affidavits or other admissible evidence as required by Rule 56 of the Federal Rules of Civil Procedure.  See also D. Conn. L. Civ. R. 56(a)(3).

It is well-settled that the non-moving party "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible.  The motion 'will not be defeated merely . . . on the basis of conjecture or surmise.'"  Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) (citations omitted); see also Fed. R. Civ. P. 56(e) (a non-moving party "may not rest upon the mere allegations or denials of the [non-moving] party's pleading").  The argument offered by Robinson is just such conjecture and surmise that the Second Circuit has repeatedly held to be insufficient to oppose summary judgment.  Accordingly, since the issuance of a warrant creates a presumption that there existed probable cause, Golino, 950 F.2d at 870, in the absence of a recording establishing that there any material facts in dispute, the court grants the defendants' motion for summary judgment as to the federal claims against Officer Reese.

**B.    Federal Claims Against Remaining Defendants**

Robinson also asserts, pursuant to Section 1983, federal negligent supervision claims against Chief Williams, his successor Chief Leahy, and the City of Suffield. Because the court concludes that Robinson has suffered no constitutional injury as a result of Officer Reese's actions, his negligent supervision claim must fail. See Los Angeles v. Heller, 475 U.S. 796, 798-99 (1986) (holding that, because the city and the commission were parties to the damages action based on their responsibility for the

officer's actions, they could not be liable if the officer had inflicted no constitutional injury); Curley v. Village of Suffern, 268 F.3d 65, 71 (2d Cir. 2001) (holding that municipality cannot be liable for inadequate training or supervision when the officers involved in making an arrest did not violate plaintiff's constitutional rights).

Additionally, the court finds that Robinson has, as with all his other claims, presented no evidence whatsoever to support his conclusory allegations that the supervising defendants violated federal law by failing to properly train or supervise Officer Reese.  Thus, Robinson's federal claim for negligent supervision claims against Chief Williams, his successor Chief Leahy, and the City of Suffield fail.  The court grants summary judgment as to those claims.

### C.    State Law Claims

Robinson's only remaining claims are based on state law: statutory indemnification; respondeat superior, and intentional infliction of emotional distress. Having granted summary judgment dismissing Robinson's federal claims, the court declines to exercise supplemental jurisdiction with respect to these state law claims. See generally United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Lanza v. Merrill Lynch & Co., 154 F.3d 56 (2d Cir. 1998) (same).

The court therefore dismiss the remaining state law causes of action alleged in the Complaint.

9

IV.    **CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment [Dkt. No. 17] is GRANTED with respect to the federal claims. The state law claims are dismissed. The clerk is directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 8th day of July, 2004.


/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge

10